IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| DEBRA SALMANS, MICHAEL WEINER, | § | |
| PATRICIA BACHMANN, DIANE PIKLOR, | § | |
| and all others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| BYRON UDELL & ASSOCIATES, INC. | § | |
| d/b/a ACCUQUOTE, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Debra Salmans ("Salmans"), Michael Weiner ("Weiner"), Patricia Bachmann ("Bachmann"), and Diane Piklor ("Piklor") (collectively "Plaintiffs"), file this Original Complaint, complaining of Byron Udell & Associates, Inc. d/b/a AccuQuote ("AccuQuote" or "Defendants") and would show the Court as follows:

## INTRODUCTION AND SUMMARY

1.     This is a collective action lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., on behalf of inside salespersons employed by Defendants.

2.     Plaintiffs are current or former inside salespersons for the Defendants, and each has or had the title "Account Executive."

3.     Plaintiffs seek to represent a collective action under the FLSA containing "all current and former non-exempt inside salespersons, including Account Executives, who were employed by Defendants in any workweek from March 5, 2009, forward, and who were not compensated at one and one half their regular rate of pay for hours worked over 40 in any workweek during this time period" ("the putative collective action members").

4.      Defendants incorrectly classified plaintiffs and the putative collective action members as exempt from overtime based on the administrative exemption.   29 U.S.C. § 213(a)(1).  In order to qualify for this exemption, there are three criteria that must be met.  First, the employee must be compensated on a salary or fee basis at a rate not less than $455 per week.  Second, the employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers.  Third, and finally, the employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance.  *See Baldwin v. Key Equipment Finance, Inc.*, Civil Action No. 05-CV-00502-MSK-BNB, 2006 WL 2016843, at *9 (D. Colo. July 17, 2006).

5.      Account Executives employed by Defendants do not meet the above listed criteria for a number of reasons discussed below.

6.      Because of the misclassification, Defendants failed to comply with the FLSA in a very fundamental way: Defendants did not pay Plaintiffs and the putative collective action members one and one half times the regular rate of pay for hours worked over 40 in a workweek.

7.      According to its website, "AccuQuote helps consumers find the most affordable term life insurance by combining online life insurance quotes with the personal service of an experienced life insurance professional in order to make buying a life insurance policy as easy as possible."[1]  In addition to term life insurance, AccuQuote also sells various other forms of life insurance.

8.      Also according to its website, "AccuQuote has firmly established a leading position in the market…   the company has increased revenues dramatically every year."

---

[1]      http://www.accuquote.com/accuquote/

AccuQuote further claims that they have "helped over a million people find the best values in the life insurance marketplace."  As a result, "AccuQuote's clients have trusted AccuQuote to help them obtain over fifty BILLION dollars in term life insurance coverage." (emphasis in original)

9.      In the three years prior to the filing of this lawsuit, Defendants employed hundreds of Account Executives in their Colorado and Illinois offices.

## THE PARTIES, JURISDICTION AND VENUE

10.     Plaintiff Debra Salmans is a natural person residing in Jefferson County, Colorado.  She has standing to file this suit.  She was employed by AccuQuote, located at 25188 Genesee Trail Rd., Suite 110, Golden, Colorado 80401, from approximately May 2006 through March 2011.

11.     Plaintiff Michael Weiner is a natural person residing in Cook County, Illinois.  He has standing to file this suit.  He was employed by AccuQuote, located at 1400 South Wolf Rd., Bldg. 500, Wheeling, Illinois 60090-6588, from approximately January 2001 through September 2011.

12.     Plaintiff Patricia Bachmann is a natural person residing in Jefferson County, Colorado.  She has standing to file this suit.  She was employed by AccuQuote, located at 25188 Genesee Trail Rd., Suite 110, Golden, Colorado 80401, from approximately February 2009 through April 2010.

13.     Plaintiff Diane Piklor is a natural person residing in McHenry County, Illinois.  She has standing to file this suit.  She was employed by AccuQuote, located at 1400 South Wolf Rd., Bldg. 500, Wheeling, Illinois 60090-6588, from approximately July 2008 through April 2010.

14.     The putative collective action members are all current and former inside salespersons, including Account Executives that are or were employed by Defendants during the

three-year period preceding the filing of this Complaint.  Like the named Plaintiffs, these persons were and are engaged in interstate commerce in performing their duties for Defendants.  All of the putative collective action members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA.

15.     AccuQuote is headquartered at 1400 South Wolf Rd., Bldg. 500, Wheeling, Illinois 60090-6588.  AccuQuote may be served with process through its registered agent, Byron Udell and Associates, Inc. located at 25188 Genessee Trail Road, Suite 110, Golden, Colorado 80401.

16.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

17.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiffs base their claims on federal laws, specifically the FLSA.

18.     The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiffs' claims maintained and administered by Defendants in this district. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

**FACTUAL BACKGROUND**

19.     Plaintiffs and putative collective action members worked for Defendants as inside sales persons.  In this role, their primary duty was the selling of life insurance policies.  Their title was "Account Executive."

20.     Their primary location for making these sales was from inside a building owned or leased by Defendants.  Accordingly, Plaintiffs and the putative collective action members

were not customarily and regularly engaged away from the employer's place or places of business.

21.     Account Executives were scheduled to work nine hours a day during the workweek.  Shifts started at varying hours (i.e. from 6:30 a.m. until 3:30 p.m.; from 7:30 a.m. until 4:30 p.m.; from 8:30 a.m. until 5:30 p.m.; etc.) Monday through Friday.  Many Account Executives were required to report to work 15 minutes prior to the start of their day in order to attend mandatory daily staff meetings.  In addition, Account Executives were required to work at least one Saturday each month.

22.     On top of the work mentioned above, Account Executives often worked through their lunch hour and often stayed after the end of their scheduled shift in order to complete sales calls.  Therefore, Account Executives often worked in excess of 40 hours in a workweek.

23.     The primary duty of the Account Executives was not administrative in nature.  Rather, while they did perform some administrative functions, these tasks were only performed in furtherance of their primary duty, which was the selling of life insurance policies to Defendants customers.  They spent large amounts of time logged in to a predictive dialer system that dialed numbers and connected Account Executives with potential future customers in an effort increase sales.

24.     There was little discretion and independent judgment power granted to the Account Executives.  A majority of the "options" that Account Executives were allowed to offer to potential customers were predetermined and automated.  Account Executives were often asked to do things that went against their own judgment, such as selling policies that they did not feel were appropriate for the customer, or selling more coverage than was necessary.  Many Account Executives were instructed to "Never let customers take less coverage than they can qualify for"

or "Squeeze every dime out of [customers]."  Account Executives were also instructed to sell insurance from specific carriers, regardless of customer's needs, because Defendant "received more money from those carriers."

25.     In addition, every call taken or made by Account Executives was and is recorded and monitored and every transaction that the Account Executives completed was and is thoroughly reviewed by upper level managers.

26.     Within the relevant time period, AccuQuote had facilities in Colorado and Illinois.

27.     Defendants failed to pay Plaintiffs and putative collective action members their proper overtime compensation of one and one half times their regular rate of pay for hours worked in excess of 40 in a workweek.

## CONTROLLING LEGAL RULES

28.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay."  29 U.S.C. § 207(a)(1).

*Administrative Exemption Does Not Apply*

29.     The FLSA exempts "any employee employed in a bona fide… administrative… capacity."  29 U.S.C. § 213(a)(1).

30.     In order to qualify for this exemption, there are three criteria that must be met.  First, the employee must be compensated on a salary or fee basis at a rate not less than $455 per week.  Second, the employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers.  Third, and finally, the employee's primary duty must include the exercise

of discretion and independent judgment with respect to matters of significance.   29 CFR 541.200.

31.     The employer bears the burden of proving that an employee falls within an exemption to the FLSA.   *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Pacheco v. Whiting Farms, Inc.*, 365 F.3d 1199, 1203 (10th Cir. 2004).

32.     Because exemptions under the FLSA must be narrowly construed, the employer must show that the Plaintiffs "plainly and unmistakably" fall within the exemptions terms. *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1184 (10th Cir. 2004).

33.     Based on the facts stated above, it is clear that Plaintiffs and putative collective action members employed by Defendant in this case are not employed in a "bona fide administrative capacity" and therefore, Defendant has violated the FLSA.

***The Applicable Statute Of Limitations In FLSA Cases***

34.     The FLSA has a two-year statute of limitations, which can extend an additional year in the case of a "willful violation" of the Act.   29 U.S.C. § 255(a).

35.     This lawsuit seeks damages for Plaintiffs and the putative collective action members from March 5, 2009, to the present.

## FLSA CLAIM FOR OVERTIME PAY

36.     All conditions precedent, if any, to this suit, have been fulfilled.

37.     At all material times, Plaintiffs were employees under the FLSA.   29 U.S.C. § 203(e).

38.     At all material times, the putative collective action members were similarly situated to the Plaintiffs and to each other and were and are employees under the FLSA.   29 U.S.C. § 203(e).

39.     At all material times, Defendants were and are eligible and covered employers under the FLSA.  29 U.S.C. § 203(d).

40.     Plaintiffs and the putative collective action members worked some workweeks in excess of 40 hours per seven-day workweek from February 15, 2009, to the present.

41.     At all material times, Plaintiffs and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay.  29 U.S.C. § 207(a)(1).

42.     Defendants failed to pay Plaintiff and putative collective action members overtime compensation and one and one-half times their regular rate of pay for all hours worked over 40 in a seven-day workweek.

43.     Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a).

44.     Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260.  Accordingly, Plaintiffs and the putative collective action members are entitled to liquidated damages.

45.     Where, as here, Plaintiffs and the putative opt-in class members are "similarly situated and the alleged victims of a single plan by Defendants to pay employees less than the compensation due them pursuant to the FLSA," notice to all putative collective action members would be proper.  *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 629 (D. Colo. 2002) (granting conditional certification and allowing notice to be sent to over 3,000 putative class members).

46.     Accordingly, Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of:

all current and former non-exempt inside salespersons, including Account Executives, who were employed by Defendants in any workweek from March 5, 2009, to present, and who were not compensated at one and one half their regular rate of pay for hours worked over 40 in any workweek during this time period.

## JURY DEMAND

47.     Plaintiffs demand a jury trial.

## DAMAGES AND PRAYER

48.     WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that the court issue citation for Defendant to appear and answer, and that Plaintiffs and putative collective action members be awarded a judgment against Defendant for the following:

    a.     Actual damages in the amount of unpaid overtime wages;

    b.     Liquidated damages under the FLSA;

    c.     Pre-judgment and post-judgment interest;

    d.     Court costs;

    e.     Reasonable attorneys' fees; and

    f.     All other relief to which Plaintiffs and those similarly situated to Plaintiffs (the putative collective action members) are entitled.

Respectfully submitted,

s/ Edwin Sullivan
Edwin Sullivan
Texas Bar No. 24003024
OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, TX  77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile
ed@osattorneys.com – Email

ATTORNEYS FOR PLAINTIFFS